IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00116-BNB

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 0 4 2009

GREGORY C. LANGHAM
CLERK

ERNEST D. MARTINEZ,

　　　　Applicant,

v.

ARI ZAVARAS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

　　　　Respondents.

_____

## ORDER TO DRAW IN PART AND TO DISMISS IN PART

_____

Applicant Ernest D. Martinez is a prisoner in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Martinez initiated this action by submitting to the Court a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Mr. Martinez is challenging the validity of his conviction and sentence in Case No. 02CR216 in the Fremont County District Court.

In an order filed on March 10, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses.

On March 31, 2009, Respondents filed a Pre-Answer Response. Mr. Martinez did not reply to the Pre-Answer Response.

The Court must construe liberally the Application filed by Mr. Martinez because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will order the Application drawn in part and dismissed in part.

Mr. Martinez was convicted by a jury on August 8, 2003, of one count of sexual assault on a child, two counts of attempted sexual exploitation of a child, possession of a schedule II controlled substance, possession of marijuana, and one special offender count, and was sentenced to an indeterminate term of forty-two years to life on September 25, 2003. On February 27, 2006, the Colorado Supreme Court denied Mr. Martinez's petition for writ of certiorari on direct appeal. *See Martinez v. State of Colo.*, No. 05SC829 (Feb. 27, 2006).

Mr. Martinez also filed a Colo. R. Crim. P. 35(c) postconviction motion in the trial court on January 8, 2007. The trial court denied relief in the postconviction motion, and the Colorado Supreme Court denied a petition for certiorari review of the Rule 35(c) motion, on November 24, 2008. *See State of Colo. v. Martinez*, No. 08SC676 (Colo. Nov. 24, 2008) (unpublished). Respondents concede that the Application is timely under 28 U.S.C. § 2244(d).

Mr. Martinez asserts three claims for relief as follows:

    (1) Ineffective Assistance of Counsel

        i.  Conflict with trial counsel;

        ii. Failure to interview witnesses  provided by
           Applicant;

        iii. Refusal to talk with police officers who
           conducted search;

        iv  Failure to investigate bill of sale for
           computer containing child pornography;

        v.  Failure to challenge the search and seizure;

        vi. Failure to use the private investigator that
           Applicant had hired; and

        vii. Failure to call any witness other than
           Applicant's wife.

    (2) Illegal Search and Seizure

    (3) Denial of Fair Trial

        i.  Hostility by trial court toward Applicant,

        ii. Failure by trial court to appoint different
           defense counsel when conflict with
           representing counsel was obvious, and

        iii.Trial court would not allow Applicant to retain
           another counsel due to time restraints.

Respondents contend that Claim One, parts ii., iii., and v., are a single issue and are exhausted.  Respondents further contend that Claim One, parts i. and vi., are exhausted.

As for Claim One, parts iv. and vii., Respondents argue that the claims are not exhausted.  Respondents assert that in Claim One, part iv., Mr. Martinez did not clearly

raise this issue as a distinct claim in his postconviction motion opening brief.

Respondents contend that Mr. Martinez only referred to the issue as part of his

argument that counsel was ineffective in his investigation and in not retaining and

consulting a computer expert.  With respect to Claim One, part vii., Respondents argue

that the Colorado Court of Appeals declined to address the merits of this claim because

it was a reformulation of Mr. Martinez's challenge on direct appeal to the trial court's

refusal to grant defense counsel's motion to withdraw.  Respondents contend that if Mr.

Martinez attempted to raise these claims in a second state postconviction motion he

would be procedurally barred under Colo. R. Crim. P. 35(c)(3)(VI), and *State of Colo.*

*v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996), and that this Court, therefore, is

precluded from reviewing the claim.

Respondents further argue Claim Two is not exhausted because the claim is not

the same claim that he raised in his postconviction motion.  Respondents contend that

Mr. Martinez only asserted in his Rule 35(c) postconviction motion that he was denied

effective assistance of counsel because trial counsel failed to file a motion to suppress

the evidence seized by the authorities.  Finally, Respondents argue that Mr. Martinez

did not exhaust Claim Three because he did not present any facts or arguments to

support this claim in his opening brief in his Rule 35(c) postconviction motion.

Respondents contend that both Claim Two and Claim Three would be procedurally

barred in a second state postconviction motion and are precluded from review by this

Court in a federal habeas action.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus

may not be granted unless it appears that the applicant has exhausted state remedies

or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

"Generally speaking, [the court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted). Mr. Martinez's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Ineffective assistance of counsel, however, may establish cause excusing a procedural default. *Jackson v. Shanks*, 143 F.3d 1313, 1319 (10th Cir. 1998). An applicant, however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). A showing of a probability of actual innocence is required to meet the fundamental miscarriage of justice exception. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

As for Claim One, part iv., the Court finds, upon review of the Rule 35(c) postconviction motion filed in state trial court, that Mr. Martinez did not raise the bill of sale issue in the motion. (Pre-Answer Response, Ex. E.) Furthermore, to the extent that he refers to the bill of sale in his opening brief before the Colorado Court of Appeals, in his Rule 35(c) postconviction motion, the evidence was simply in support of his claim that counsel was ineffective for failing to consult a computer forensic expert. (Pre-Answer Response, Ex. F ta 14.)

Mr. Martinez did not alert the Colorado trial court that he was challenging the effectiveness of his trial counsel for not raising the bill of sale issue at trial. Presenting the claim only to the Colorado Court of Appeals does not satisfy the requirement that a claim must be fairly presented to the state courts. Without raising his claims in the trial court, Mr. Martinez did not meet the requirement set forth under *O'Sullivan* that he complete one round of the State's established normal appellate review process.

The time limitation established by Colo. Rev. Stat. § 16-5-402 is a firmly established and regularly followed procedural rule. *See Klein v. Neal*, 45 F.3d 1395, 1398 (10th Cir. 1995). Section 16-5-402 provides that a defendant who has been convicted of any felony, other than a class one felony, must commence a collateral attack of the conviction within three years of the date of the conviction. As for a successive postconviction motion, the Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions. *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII). The exceptions are not applicable to the claims that Mr. Martinez has failed to exhaust. *Id.* Mr. Martinez, therefore, has procedurally defaulted Claim One, part iv., in state court. He also has failed to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider his claim will result in a fundamental miscarriage of justice. Claim One, part iv., is procedurally barred from federal habeas review.

As for Claim One, part vii., and Claim Two, Mr. Martinez did not raise these claims in state court in either his direct appeal or his Rule 35(c) postconviction motion.

The claims, therefore, are procedurally barred under § 16-5-402 and Colo. R. Crim. P. 35(c)(3)(VI) and (VII).

Finally, as for Claim Three, Mr. Martinez failed to raise this claim in the opening brief in his Rule 35(c) postconviction motion on appeal. Although Mr. Martinez lists this claim on page one of the opening brief, he does not support the claim with any arguments. The Colorado Court of Appeals found that the claim had been abandoned. (Pre-Answer Response, Ex. G at 10.) Mr. Martinez, therefore, has failed to meet the requirement that any claim presented to this Court in a federal habeas action must be fairly presented to the state courts. Claim Three is procedurally barred under § 16-5-402 and Colo. R. Crim. P. 35(c)(3)(VI) and (VII).

Based on the above findings, the Court will dismiss Claim One, parts iv. and vii., and Claims Two and Three as procedurally barred. The remaining subparts of Claim One, including parts i. through iii., v., and vi., will be drawn to a district judge and to a magistrate judge for further consideration of the merits. The Court further defines Mr. Martinez's remaining claims as assertions of ineffective assistance of trial counsel, including: (i.) conflict with trial counsel; (ii.) failure by trial counsel to interview witnesses; (iii.) refusal by trial counsel to talk with police officers who conducted the search of Mr. Martinez's house; (v.) failure by trial counsel to challenge the search and seizure; and (vi.) failure by trial counsel to use the private investigator that Mr. Martinez had hired. Accordingly, it is

ORDERED that Claim One, parts iv. and vii., and Claims Two and Three are dismissed for the reasons stated in this Order. It is

FURTHER ORDERED that Claim One, including parts i, ii, iii, v., and vi., shall be

drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this _3_ day of _June_ , 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  09-cv-00116-BNB

Ernest D. Martinez
Prisoner No.  88393
Fremont Correctional Facility
P.O. Box 999
Cañon City, CO 81215-0999

Roger G. Billotte
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 6|4|09

GREGORY C. LANGHAM, CLERK

By:_____
             Deputy Clerk