IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00116-LTB-KLM

ERNEST D. MARTINEZ,

    Applicant,

v.

ARI ZAVARAS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

Before the Court is an **Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** [Docket No. 5; Filed March 2, 2009] (the "Application") filed by Ernest D. Martinez ("Applicant"). Respondents filed an Answer [Docket No. 16] objecting to the Application on June 22, 2009. Applicant did not file a traverse. Thus, the Application is now ripe for resolution. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C, the Application has been referred to this Court for a recommendation regarding disposition. *Order of Reference to United States Magistrate Judge* [Docket No. 14]. The Court has considered the relevant pleadings, the state court record, and the applicable case law, and is sufficiently advised in the premises. For the reasons set forth below, the Court recommends that the Application be **DENIED**.

### I. Summary of the Case

On August 8, 2003, the Fremont County District Court entered a judgment of

conviction against Applicant on jury verdicts finding him guilty of one count of sexual assault on a child in violation of Colo. Rev. Stat. § 18-3-405, two counts of attempted sexual exploitation of a child in violation of Colo. Rev. Stat. § 18-6-403(3)(a), one count of possession of a Schedule II controlled substance in violation of Colo. Rev. Stat. § 18-18-405, one count of possession of marijuana in violation of Colo. Rev. Stat. § 18-18-406, and one count of being a special offender in violation of Colo. Rev. Stat. § 18-18-407(1)(f). *Application* [#5] at 2; *People v. Martinez*, No. 03CA2175 (Colo. App. Oct. 6, 2005) (unpublished decision) [Docket No. 16-2] at 3.  Applicant filed a direct appeal in the Colorado Court of Appeals.  *People v. Martinez*, No. 03CA2175 [#16-2].  On October 6, 2005 the Court of Appeals affirmed the judgment of conviction.  *Id.*  On February 27, 2006, the Colorado Supreme Court denied Applicant's petition for certiorari.  *Order to Draw in Part and to Dismiss in Part* [Docket No. 12] at 2 (citing *Martinez v. State of Colo.*, No. 05SC829 (Colo. Feb. 27, 2006) (unpublished decision)).

On January 8, 2007, Applicant filed a postconviction motion pursuant to Colorado Rule of Criminal Procedure 35(b).  *Id.*  The Fremont County District Court denied the motion.  *Id.*  Applicant filed a petition for certiorari seeking review of the denial of his motion.  *Id.*  On November 24, 2008, the Colorado Supreme Court denied the petition.  *Id.* (citing *State of Colo. v. Martinez*, No. 08SC676 (Colo. Nov. 24, 2008) (unpublished decision)).

On March 2, 2009, Applicant filed the instant Application [#5], in which he asserted three claims for relief.  On March 31, 2009, Respondents filed a Pre-Answer Response [Docket No. 11] in which they argued that Applicant failed to exhaust his available remedies in state court with respect to his second claim, his third claim, and parts of his first claim.

Respondents further argued that Applicant's second and third claims "would be procedurally barred in a second state postconviction motion and are precluded from review by this Court in a federal habeas action." *Order to Draw in Part and to Dismiss in Part* [#12] at 4.  On June 3, 2009, Senior District Judge Zita L. Weinshienk issued an Order [#12] dismissing Applicant's second claim, third claim, and parts of his first claim.  *Id.* at 8.

Applicant's sole remaining claim for relief is a claim that he received ineffective assistance of counsel before and during his trial in the Fremont County District Court in violation of the rights guaranteed to him by the Sixth Amendment.  *Application* [#5] at 5-6. This claim is divided into parts based on five alleged failings of defense counsel:

1. Conflict and lack of communication with Applicant;

2. Failure to interview witnesses at Applicant's request;

3. Refusal to interview the police officers who conducted a search of Applicant's residence;

4. Failure to challenge the constitutionality of the search of Applicant's residence and seizure of evidence therefrom; and

5. Failure to utilize the services of the private investigator that Applicant hired.

*Id.*; *see Order to Draw in Part and to Dismiss in Part* [#12] at 3 (listing the alleged failings that comprise Applicant's ineffective assistance claim).

## II. Analysis

### A. Applicant's *Pro Se* Status

Applicant is proceeding *pro se*.  Therefore, the Court must construe his Application liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  In this regard, the Court should carefully weigh the need for Applicant to present constitutional claims against any procedural errors he may have

committed. *See Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993). However, the Court is not Applicant's advocate, and it must deny his Application if it is based on no more than vague or conclusory allegations. *Hall*, 935 F.3d at 1110.

### B. Standard of Review

Pursuant to 28 U.S.C. § 2254(d), an application for a writ of habeas corpus may be granted only if the applicant's conviction or sentence was based on an underlying state court decision that (1) was "contrary to . . . clearly established Federal law, as determined by the Supreme Court," (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court," or (3) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); *see also Trice v. Ward*, 196 F.3d 1151, 1159 (10th Cir. 1999).

The first and second standards of review involve claims of clear legal error. The Court considers an applicant's claims of clear legal error only if it first "affirmatively answer[s] the threshold question" of whether clearly established federal law exists. *House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008). A state court decision is contrary to clearly established federal law when it contradicts prior Supreme Court precedent, i.e., it arrives at a conclusion that is "opposite" or "diametrically different" from the precedent. *Williams*, 529 U.S. at 406. A state court decision involves an unreasonable application of federal law when it utilizes the correct legal principle but reaches an "objectively unreasonable" outcome based on the facts at issue. *Id.* at 409. However, the Court "may not issue the writ simply because [it concludes] in [its] independent judgment that the state court applied the law erroneously or incorrectly. Rather, [the Court] must be convinced that the

application was also 'objectively unreasonable.'" *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 566 n.4 (10th Cir. 2000), *overruled on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001).

The third standard of review involves claims of factual error. When reviewing an application for a writ of habeas corpus, a state court's findings of fact are entitled to a presumption of correctness. *Sumner v. Mata*, 455 U.S. 591, 592-93 (1982). As such, an applicant bears the burden of rebutting this presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997). While this standard requires a substantial showing by the applicant, "deference [to the state court's factual determinations] does not by definition preclude relief." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

  **C.**  **Applicant's Claim Under the Sixth Amendment**

Applicant contends that he was deprived of his Sixth Amendment right to the assistance of effective counsel before and during his trial in the Fremont County District Court. *Application* [#2] at 6.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI; *see Gideon v. Wainwright*, 372 U.S. 335, 342 (1963) (holding that "the Sixth Amendment's guarantee of counsel" is "a provision of the Bill of Rights which is fundamental and essential to a fair trial [and it is therefore] made obligatory upon the states by the Fourteenth Amendment"). This right is violated when a defendant receives ineffective assistance. *See McMann v. Richardson*, 397 U.S. 759, 771 (1970) ("if the right to counsel guaranteed by the Constitution is to serve its purpose, defendants

cannot be left to the mercies of incompetent counsel"); *see also Powell v. State of Ala.*, 287 U.S. 45, 59 (1932) (when the assistance of counsel "was rather pro forma than zealous and active," the "defendants were not accorded the right of counsel in any substantial sense").

The Supreme Court established a definitive rule for what is required to demonstrate ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984). In order for a writ of habeas corpus to issue on a claim of ineffective assistance, an applicant must prove two elements: (1) "his counsel's representation fell below an objective standard of reasonableness," *Strickland*, 466 U.S. at 688; and (2) his counsel's "deficient performance prejudiced the defense," *id.* at 687. To prove prejudice to the defense, an applicant must show "that counsel's errors were so serious as to deprive [the applicant] of a fair trial, a trial whose result is reliable." *Id.*; *see also id.* at 686 ("The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the functioning of the adversarial process that the trial cannot be relied upon as having produced a just result."). In other words, the applicant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also id.* at 691 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also id.* at 695 ("When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."). The Court need not address both elements of an ineffective assistance claim if an applicant fails to make a showing on one of them. *Cooks*

*v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998).

As an initial matter, the Court notes that the Application in this case simply revisits arguments addressed and found unpersuasive by Colorado's courts. Indeed, it can be said that the Application reasserts ill-formed arguments whose deficiencies were specifically identified by the state courts. Although this sort of Application is futile, its resolution requires a large expenditure of judicial resources and thus warrants a brief comment about wastefulness.

The Court is faced with hundreds of applications for writs of habeas corpus each year, many of which follow the same path. The thought process of an Applicant can be difficult to understand, but it should be readily apparent to any incarcerated person who is intent on seriously pursuing his constitutional rights that ignoring instructions provided by one or more judges before submitting his case to additional judges is not likely to yield a positive result. Putting it another way, if a carpenter told a layperson that his wheel does not turn smoothly because it is square instead of round, it would be sheer foolishness for the layperson to seek a second opinion from another carpenter without first attempting to fix the problem. Asking for a second opinion without attempting repairs smacks of stubbornness.

Here, Applicant was told by the state courts that his argument about his attorney's failure to file certain motions would be unsuccessful unless he could show "how this prejudiced him beyond mere speculation." *See infra* at 10. Applicant was also told by the state courts that his argument regarding his attorney's failure to utilize a private investigator would fail unless he could "identify . . . findings made by the investigator, how they may have been utilized, or how he was prejudiced from the failure to use them." *See infra* at 14.

Nevertheless, like the layperson seeking a second opinion about his square wheel, Applicant resubmits these deficient arguments for the Court's consideration without having made any attempt whatsoever to correct their deficiencies.

Ultimately, of course, Applicant's intention does not matter. All that matters is that a square wheel will not turn, regardless of which carpenter looks it over. The message to Applicant – and to other incarcerated persons considering applying for a writ of habeas corpus because they believe they received ineffective assistance of counsel – is simple: if you cannot tell the judge *exactly how and why* the result at your trial would have been different if your attorney had acted differently, your Application will be denied. It is not enough to argue that your attorney did not do what you wanted; you have to offer some proof that if he or she had done what you wanted, the result of your trial would have been different. If you do not offer any evidence that alleged errors by your attorney caused a bad result at trial, then you are simply *guessing* that the result would have been better if the alleged errors were not committed, and you are asking the judge to *guess* as well. Judges are not in the business of guessing. Asking a judge to guess that the result of your trial would have been different will never be a successful strategy.

In this case, just as he failed to do in state court, Applicant fails to provide any specific information about how and why he would have been acquitted if his attorney had followed his instructions. Thus, Applicant's arguments are not successful here, just as they were not in state court. Having said that, the substance of this carpenter's opinion about the problems with Applicant's wheel follows.

Applicant alleges five specific errors by his counsel. The Court considers each alleged error in turn, mindful that "judicial scrutiny of counsel's performance must be highly

-8-

deferential." *Strickland*, 466 U.S. at 689; *see also Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999) (for counsel's performance to be constitutionally ineffective, "it must have been completely unreasonable, not merely wrong").

### (1) Conflict and Lack of Communication with Counsel

First, Applicant alleges that "before trial there was obvious conflict between [himself] and trial counsel" such that counsel's "ability to fairly represent [him] at trial" was compromised. *Application* [#5] at 5. The Colorado Court of Appeals addressed this allegation as follows:

> When a defendant asserts a conflict with his or her counsel, the trial court must inquire into the propriety of continued representation by counsel. When determining whether to grant counsel permission to withdraw, the trial court must consider (1) the timing of the motion; (2) the inconvenience to the witnesses; (3) the amount of time elapsed between the date of the alleged offense and trial; and (4) the possibility that new counsel will be confronted with the same irreconcilable conflict. . . .
>
> Here, during a hearing before a judge other than the one who would preside at trial, defendant said that "[he thought] that it would be a very unfair trial if [defense counsel] was representing him" because defendant had difficulty reaching counsel, counsel did not file some motions requested by defendant, and defendant had lost confidence in counsel. . . .
>
> [T]he court . . . found that defendant had two other attorneys before current counsel, that the case had been pending for almost eleven months, that defendant had retained counsel for more than five months, and that defendant "knew there was a problem" with counsel for almost three months [yet did nothing to remedy his concerns]. . . .
>
> [T]he court found that the "possibility that new counsel will be confronted with the same irreconcilable conflict" was "likely." Noting counsel's experience, the court found that filing motions was a "strategic" decision made by counsel in consultation with defendant and that filing groundless motions might be disadvantageous.
>
> Because the record supports the trial court's findings, we conclude the court had a reasonable basis for determining that the attorney-client relationship had not deteriorated such that counsel was able to effectively represent

>  defendant. Although defendant argues that counsel would have been better prepared had he earlier filed motions to suppress evidence and to sever counts, defendant does not show how this prejudiced him beyond mere speculation.

*People v. Martinez*, No. 03CA2175 [#16-2] at 2-5.

The Court has reviewed the record and it agrees with the decision of the Colorado Court of Appeals. Applicant has not provided details of his "conflict" with defense counsel such that the Court could find that the "conflict" rendered defense counsel's performance "completely unreasonable." *Boyd*, 179 F.3d at 914. Further, Applicant has made no attempt to explain how there is a reasonable probability that, but for his "conflict" with counsel, the result of his trial would have been different. *See Strickland*, 466 U.S. at 694. Accordingly, Applicant's first allegation of error does not state a valid ineffective assistance of counsel claim.

### (2)    Failure to Interview Witnesses at Applicant's Request

Applicant alleges that "defense counsel failed to interview any of the witnesses on the list that [Applicant] gave to him." *Application* [#5] at 6. As an initial matter, Applicant has not provided any explanation of who the witnesses are or what their testimony would have been. Thus, the Court is unable to assess the reasonableness of defense counsel's decision not to interview them or whether the fact that their testimony was not available at trial was prejudicial. Although the Court "must liberally construe [Applicant]'s *pro se* [Application], [it] is not required to fashion [Applicant]'s arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). Because Applicant has provided no details regarding defense counsel's alleged failure to interview potential

witnesses, he has not stated a valid ineffective assistance of counsel claim.

### (3)     Refusal to Interview Police Officers

Applicant alleges that "defense counsel refused to talk to any of the officers that took part in the search [of Applicant's residence] to determine where the drugs and pistol were found." *Application* [#5] at 6. The Colorado Court of Appeals addressed this allegation as follows:

> Defendant contends counsel was ineffective for failing to interview numerous law enforcement officers. . . . [W]e note that matters concerning what witnesses to call and whether and to what extent to challenge their testimony are strategic and tactical decisions that the court will not second guess. *See Steward v. People*, 498 P.2d 933, 934 (1972) ("Defense counsel stands as 'captain of the ship' in ascertaining what evidence should be offered and what strategy should be employed in the defense of the case.").

*People v. Martinez*, No. 07CA1012 (Colo. App. July 24, 2008) (unpublished decision) [Docket No. 16-8] at 8-9.

The Court agrees with the decision of the Colorado Court of Appeals, and it further notes that Applicant has made no attempt to explain how there is a reasonable probability that, but for defense counsel's failure to interview the officers, the result of his trial would have been different. *See Strickland*, 466 U.S. at 694. Applicant has not alleged that the "pistol and drugs" were found in a location in his residence that might give rise to a question about the constitutionality of the search during which they were discovered or doubt about their ownership. Moreover, after reviewing the record it appears that Applicant and defense counsel knew exactly where the "pistol and drugs" were found, thus rendering interviews with police officers to learn this information unnecessary. The Probable Cause Affidavit of Detective Clinton D. Robertson sworn on November 15, 2002 clearly states as follows:

> On June 14, 2002, Your Affiant executed a search warrant at 105 Fremont

> in the Town of Rockvale, County of Fremont, State of Colorado. This was the Ernest Martinez residence. Your Affiant had requested to take and search any computers, hard or soft drives, discs (hard or floppy), and memory boards.
>
> Your Affiant also requested to take and search for a firearm (specifically a handgun) and any cannabis or anything illegal to possess according to Colorado State Law.
>
> Upon execution of the Search Warrant of a bedroom near the utility room of the residence that was open and accessible to all persons in the household, a .357 magnum handgun was recovered laying on a top shelf of a bookcase in open view. A K-9 unit from Bureau of Land Management trained in the detection of illegal drugs and narcotics located a 35 mm film case approximately ½ filled with a powdery substance in a desk drawer of this same bedroom.

*Record* at 87 (*Probable Cause Affidavit Case No. 02-1187*).

This Affidavit was part of the pre-trial record in Applicant's case. Accordingly, the Court finds that defense counsel's alleged failure "to talk to any of the officers that took part in the search [of Applicant's residence] to determine where the drugs and pistol were found," *Application* [#5] at 6, was not prejudicial. The Court concludes that Applicant's third allegation of error does not state a valid ineffective assistance of counsel claim.

### (4) Failure to Challenge the Constitutionality of the Search of Applicant's Residence and Seizure of Evidence Therefrom

Applicant alleges that defense counsel failed to challenge the constitutionality of the search of his residence that occurred on June 14, 2002. *Application* [#5] at 6 ("Defense counsel was told by [Applicant] about the warrantless search of [his] son's room . . . and to please challenge the search. Defense counsel ignored [Applicant]."). As an initial matter, the Court notes that Applicant's allegation that the search of his residence was conducted without a warrant is false. *See Record* at 87 (*Probable Cause Affidavit Case No. 02-1187* (stating that police had a search warrant for the search of Applicant's

residence that occurred on June 14, 2002)). "In applying *Strickland* claims that allege counsel was ineffective for failing to file a motion to suppress, the Court looks 'to the merits of the omitted issue' in the context of counsel's overall performance.'" *Davis v. Arrelano*, No. 08-cv-00484-CMA-KLM, 2009 WL 5126533, at *7 (D. Colo. Dec. 17, 2009) (unreported decision) (quoting *Neill v. Gibson*, 278 F.3d 1044, 1057 (10th Cir. 2001)). Here, Applicant's specified "omitted issue," i.e., whether the search of his residence violated the Fourth Amendment because it was conducted without a warrant, was not actually in question. It was clear from the record that the search of Applicant's residence was conducted pursuant to a warrant.

Applicant has not pled the existence of any other basis for challenging the constitutionality of the search of his residence, e.g., that officers exceeded the scope of the warrant or that the warrant was issued based on deliberately false affidavits. "[T]he Sixth Amendment does not require that every possible motion be filed, but only those having a solid foundation." *Coleman v. Brown*, 802 F.2d 1227, 1234 (10th Cir. 1986); *see also United States v. Afflerbach*, 754 F.2d 866, 870 (10th Cir. 1985) ("The attorney's decision not to file all motions requested by his clients was not ineffective assistance of counsel."); *accord United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) ("Counsel is not required by the Sixth Amendment to file meritless motions."); *cf. United States v. McMahon*, No. 04-5011, 2005 WL 115506, at *9 (10th Cir. Jan. 20, 2005) (unreported decision) ("Deciding whether or not to concede an element of a statute is a tactical decision" that is entitled to substantial deference.). Thus, the Court finds that Applicant has not alleged that defense counsel's decision to refrain from filing a motion to suppress evidence seized during the execution of the search warrant was "completely unreasonable." *Boyd*, 179 F.3d at 914.

Further, Applicant has made no attempt to explain how there is a reasonable probability that a suppression motion would have been granted and the result of his trial therefore would have been different. *See Strickland*, 466 U.S. at 694. Accordingly, Applicant's fourth allegation of error does not state a valid ineffective assistance of counsel claim.

### (5)     Failure to Utilize the Services of a Private Investigator

Applicant alleges that defense counsel failed to utilize the services of the private investigator that Applicant hired to prepare for trial. *Application* [#5] at 6 ("[Applicant] hired a Private Investigator, and defense counsel told [Applicant] he didn't need it."). The Colorado Court of Appeals addressed this allegation as follows:

> Defendant also contends counsel was ineffective for failing to utilize findings of a private investigator hired by Defendant. Defendant does not identify any findings made by the investigator, how they may have been utilized, or how he was prejudiced from the failure to use them. Accordingly, Defendant again failed to allege facts that, if true, would entitle him to postconviction relief. *See Moore v. People*, 485 P.2d 114, 115 (Colo. 1971); *People v. Rodriguez*, 914 P.2d 230, 250 (Colo. 1996).

*People v. Martinez*, No. 07CA1012 [#16-8] at 8.

The Court agrees with the decision of the Colorado Court of Appeals. Because Applicant neither explained his allegation in his Application nor filed a traverse, the Court has no more detail regarding the private investigator than did the Colorado Court of Appeals. Applicant has made no attempt to explain how there is a reasonable probability that, but for defense counsel's failure to utilize the private investigator, the result of his trial would have been different. *See Strickland*, 466 U.S. at 694; *see also McMahon*, 2005 WL 115506, at *10 ("A habeas petitioner cannot succeed on an ineffective assistance claim by showing that there was some evidence that the trial counsel failed to investigate. Rather, the habeas petitioner must demonstrate that the failure to investigate additional evidence

was objectively unreasonable and would have produced a different result at trial."). Accordingly, Applicant's fifth allegation of error does not state a valid ineffective assistance of counsel claim.

### III. Conclusion

For the reasons set forth above, the Court finds that Applicant is not entitled to relief pursuant to 28 U.S.C. § 2254. No evidentiary hearing is required. Accordingly, the Court **RECOMMENDS** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [#5] be **DENIED** and that this case be **DISMISSED** with prejudice.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: February 8, 2011 at Denver, Colorado.

BY THE COURT:

  s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge